IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MARY BETH DOYLE,**

    **Plaintiff,**

**V.**

CIVIL ACTION NO.: 5:17-cv-02619
JUDGE:

**GREENBRIER HOTEL CORPORATION, a
West Virginia Corporation, and JOHN DOE,
An unknown individual,**

    **Defendants.**

## COMPLAINT FOR DAMAGES

NOW COMES the plaintiff, Mary Beth Doyle (hereinafter, "Plaintiff"), by and through her counsel Joshua R. Martin and the West Law Firm and bring this Complaint for Damages against the defendant, Greenbrier Hotel Corporation (hereinafter, "Defendant") for negligence and any and all other causes of actions shown. As grounds for her Complaint the Plaintiff asserts the following:

### PARTIES

1. Plaintiff, Mary Beth Doyle, at all relevant times is/was a resident of the State of Florida, with her current of 5644 Sir Churchill Drive, Leesburg, Florida 24748.

2. Defendant, Greenbrier Hotel Corporation, is a West Virginia based corporation that is the owner/operator of the Greenbrier Resort with its principal office

location at 300 W. Main Street, White Sulphur Springs, Greenbrier County, West Virginia.

3. Defendant John Doe is believed to be an employee/agent of Defendant that was responsible for safely driving Defendant's shuttle.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. 1332, as there is complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum of $75,000.00.

5. Venue is proper as the events that give rise to this action occurred in White Sulphur Springs, Greenbrier County, West Virginia, which is in the Southern District of West Virginia.

## FACTS

6. Defendant's Greenbrier Resort offers complimentary shuttle service to its guests from one part of the resort to its guests' accommodations or parking lots.

7. Upon belief the Defendant Greenbrier Resort hired Defendant John Doe to operate one of the shuttles.

8. On or about October 1, 2015, Defendant John Doe, acting within the scope of employment, was operating one of the shuttles transporting Plaintiff and other guests back to their accommodations and vehicles.

9. Defendant Doe crossed the main road in front of of the Greenbrier Hotel into a parking lot in order to drop off other guests, before taking Plaintiff back to her cottage.

10. Upon information and belief there is/was a concrete post in the middle of the parking lot.
11. Upon information, after Defendant Doe entered the parking lot he unexpectedly and recklessly increased his driving speed..
12. Defendant John Doe then lost control of the shuttle he was driving and struck the concrete post head-on.
13. The collision caused Plaintiff to be violently thrown around inside the shuttle.
14. Upon information and belief the driver of the shuttle was not paying proper attention to the roadway.
15. The collision with the concrete post was so violent that it disabled the Defendants' shuttle and broke the exit door.
16. Defendant Doe did not render aid to Plaintiff after the collision.
17. Upon information, another agent of Defendant Greenbrier arrived at the scene of the collision and refused to render aid to Plaintiff, because he was on his break.
18. Plaintiff was instructed by agents of Defendant Greenbrier to go the the Christmas Shop and call for another vehicle to come pick her up and take her back to her cottage.
19. Upon information, Defendants never reported the collision to any law enforcement agency.
20. As a direct and proximate result of Defendant's driver's negligence Plaintiff sustained serious bodily injuries to neck, back, and shoulders.

**COUNT I - NEGLIGENCE**

21. The Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

22. The aforementioned collision was the result of the negligence of Defendant Doe.

23. At all relevant times, the Defendant Doe's actions toward the Plaintiff were negligent in one or more of the following particulars, as Defendant Doe owed and breached the following duties to the Plaintiff causing her injuries and damages:

24. Defendant's Doe breached his duty to exercise reasonable care.

25. Defendant's Doe breached his duty to maintain control of his motor vehicle.

26. Defendant Doe breached his duty to operate his motor vehicles at a speed so controlled as necessary to avoid colliding with any obstacle.

27. Defendant Doe breached his duty to keep a proper lookout.

28. Defendant Doe failed to render aid after the collision.

29. Defendant Doe was otherwise negligent by virtue of other acts and omissions known and unknown to the Plaintiff.

30. Defendant Doe's negligence and breach of the aforementioned duties as described herein, proximately caused injuries and damages to the Plaintiff including but not limited to serious and permanent bodily injury and tremendous physical and mental pain and suffering, medical expenses, loss of the ability to perform household services, loss of the ability to enjoy life, humiliation, embarrassment, annoyance, anxiety, aggravation, mental anguish, inconvenience, emotional distress, a loss in ability to perform daily activities, as

well as, other injuries and economic and non-economic damages, all of which Plaintiff will continue to suffer into the foreseeable future.

## COUNT II - WILLFUL, WANTON, RECKLESS CONDUCT

31. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

32. At all times relevant herein, Defendants acted malicious, willful, wanton, reckless and/or grossly negligent in operating the vehicle and otherwise causing the motor vehicle collision.

33. As a direct and proximate result of Defendants' willful, wanton and reckless conduct, Plaintiff suffered injuries and damages, including but not limited to, serious and permanent bodily injury and tremendous physical and mental pain and suffering, medical expenses, loss of the ability to perform household services, loss of the ability to enjoy life, humiliation, embarrassment, annoyance, anxiety, aggravation, mental anguish, inconvenience, emotional distress, a loss in ability to perform daily activities, as well as, other injuries and economic and noneconomic damages, all of which Plaintiff will continue to suffer into the foreseeable future.

34. As a direct and proximate result of Defendants' willful, wanton and reckless conduct, Plaintiff is entitled to an award of punitive damages to punish and deter the Defendant from like conduct in the future.

35. Defendants are liable to the Plaintiff for all injuries and damages proximately caused by the Defendant, described herein or otherwise.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in the amount that will fully and fairly compensate the Plaintiff for all her injuries and damages proximately caused by the negligence of the Defendants, including but not limited to: (1) special damages for the Defendants' negligence; (2) general damages for the Defendants' negligence; (3) prejudgment and postjudgment interest; (4) punitive damages in an amount sufficient to punish these Defendants for their willful, wanton and reckless conduct and deter like conduct in the future; (5) costs and expenses of this action, including attorney's fees; (6) all other damages set forth in this Complaint; (7) all other damages proximately caused by the negligence of the Defendants; (8) all other damages otherwise available to Plaintiff under West Virginia law, and (9) such other and further relief as deemed just and proper by the Court.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                        Mary Beth Doyle,
                                        By Counsel,

/s/Joshua R. Martin
S. Brooks West, II, (WVSB#10493)
Joshua R. Martin (WVSB#10914)
WEST LAW FIRM, L.C.
1201 Jefferson Road
So. Charleston, West Virginia 25309
Telephone: 304-343-9378
Facsimile: 304-343-5535